Good morning, Your Honors. Gretchen Fusilier on behalf of Bill Wade Carroll, the Appellant Defendant in this matter. If it please the Court, Mr. Carroll is requesting that this Court on appeal vacate his sentence on remand to the District Court of 35 years on grounds that the District Court committed both procedural and substantive errors requiring reversal. This case originally was heard in this Court after Mr. Carroll was sentenced on Count 2 and Count 4. Count 4 enhanced his sentence by 10 consecutive years because the Court erroneously concluded that he was subject to the state of Ohio's SORNA, the Sexual Orientation Registration and Notification Act. That was reversed because he was not ever deemed a sexual offender. On remand, the District Court, using the same criteria of his being a sexual offender, increased his criminal history by two points based on a 2002 Ohio state conviction for failure to register as a sexual offender. However, although the government argues that that 2002 conviction is valid, that position is unsecured. Isn't that still a collateral attack that's not permitted at sentencing? Not in this particular case, because under the recent U.S. Supreme Court case of Class v. United States and Blackledge, which we argue in our briefs, a defendant is not foreclosed from attacking on appeal the constitutionality of a statute under which he was wrongly convicted. And he, in the 2002 conviction, he could have proceeded by collateral remedy. However, he's not foreclosed from raising that on direct appeal. The second procedural... Well, the District Court basically used it to count his criminal history points, right? That's correct. And you're saying it's error? Yes, it's error. But isn't the solution to then attack or attempt to vacate that conviction in state court proceedings? No, Your Honor, because according to court rule, U.S. Supreme Court rule as well, when a defendant is convicted on an unconstitutional application of a statute, that conviction is void ab initio, because as the U.S. Supreme Court recently indicated in Class, the issue becomes whether or not that court had the power to actually prosecute him on an unconstitutionally applied statute. Does the answer to that question make any difference at all? Because it doesn't affect the guideline sentencing range, does it? Yes, it would, Your Honor, because our second procedural error is the enhancement by five points for the offense level. The additional five points... I think Justice Kagan was asking about the first error. It didn't change his sentencing guideline range. No. However, under harmless error, case law also indicates that because the U.S. sentencing guidelines are actually the lodestar of a sentence, and the majority of sentences are within the guideline range or below it if there is a 5K1 motion by the government. But the case law is very clear that when there is a procedural error in calculating the advisory guidelines, that is presumed to be detrimental to the substantial rights of the defendant. So... Even when it doesn't affect the guideline range? Even if the sentence is within or without... No, no. I don't know about what the sentence is. It's what the calculation of the guidelines is. Yes. That is the law, whether or not it is correctly calculated or incorrectly calculated and would still be within the calculated guideline range. So are you telling me the case law creates this procedural error, an error in calculating... Regardless of which way it came out? That's correct, Your Honor. Because the rationale... What case says that? Your Honor, I might have it on my... But I do have that... Well, go ahead. I don't want to take up all your time on this. Just... Give it to me on rebuttal, all right? All right. Thank you. Go ahead. Go ahead. I mean, you're correct, counsel, that the guidelines calculation is the starting point for the analysis, but that's because generally a wrong calculation puts you in the wrong guideline range. But in this particular case, since an offense level of 43 and above is a life sentence, the fact that the court put it at 45 didn't really make a difference. Well, Your Honor, it would make a difference because if... Well, we have to look at the procedural error in the calculation of the offense level. There, the court added five additional points, or levels, rather, relying on inadmissible hearsay, which lacked the minimal indicia of reliability. And... Was there an objection to the pre-sentence report? Yes, Your Honor. There was argument by defense counsel at trial that Mr. Carroll did not have an opportunity to confront and challenge the hearsay statement. The case that we cited of Pimentel Lopez, the facts are parallel to Mr. Carroll's case. In Pimentel Lopez, there was an out-of-court statement incriminating the defendant, however, by agents, and also it was corroborated by the declarant's girlfriend during a police interview as well. However, neither of them testified at trial nor at the sentencing, and on appeal, the court held that that constituted error because it lacked the indicia of reliability. And comparing the Pimentel Lopez facts to Mr. Carroll's facts, we find a parallel argument. The person referred to in this case is victim one, never testified at sentencing, and yet the court failed to accept the argument that it was inadmissible hearsay. We also have the argument of failure to articulate identifiable facts that occurred after the original sentence to justify the same sentence, notwithstanding the fact that the 10 consecutive years' enhancement under 2260A was vacated by this court. If we look at the relevant documents at resentencing, the government's sentencing position actually incorporated in total its sentencing position in the original sentencing. The government, early on in this case, as presented to the court, was in plea negotiations for a 10 to 15-year sentence according to the transcripts. There is an overlap between the procedural and the substantive reasonability of the sentence because of the court's failure to articulate identifiable facts which occurred after the original conviction, excuse me, after the original sentencing and the subsequent sentence on remand that indicated that Mr. Carroll was more culpable than previously. Our counsel, you've only got 18 seconds left. And I'll give you, we'll give you a minute or two for rebuttal. Thank you very much, Judge Ronhart. Thank you. You may please the court. I am Joey Blanche on behalf of the United States. Defense counsel has raised a number of issues regarding the sentencing guidelines, calculations, and I'd like to respond to those if I have time. But I think that we should instead go directly to what I think is the heart of their complaint, which is that the court sentenced the defendant to 35 years twice. They sent, she sentenced the defendant to 35 years at the first sentencing hearing, and then after appeal, she sentenced the defendant to 35 years again, even though in the second sentencing hearing, she was sentencing the defendant only as to count two. And I think that can be explained by looking directly at the statute that governs what courts are supposed to look at when they're deciding the appropriate sentence. If you look at Title 18 United States Code, Section 3553A, it specifically instructs the court to impose a sentence that is sufficient but no greater than necessary to comply with the purposes of sentencing that are set out in the 3553A factors. At the first sentencing hearing, if you look at the transcript, which is in the record, it's very clear that the court was looking at the defendant as a whole person. She was looking at his criminal history. She was looking at his prior conviction for receipt of child pornography. She was looking at his behavior that he was convicted for in count two. She was looking at his molestation of victim one, his communications, trying to exploit victim two online, and then continuing to try and exploit him while he was in custody on this case in a recorded jail call. She was looking at everything. And in light of the totality of all of those circumstances, she felt that the appropriate sentence was 35 years. Now, in order to get there with a 2260A conviction, it required the court to parse that sentence between count two and count four. It is appropriate for the court, when deciding the appropriate sentence as to count two, to consider the fact that she would also have to, by statute, impose a 10-year consecutive sentence on top of that. She had to consider, in trying to determine a sentence that was no greater than necessary to comply with the purposes of 3553A for count two, she had to consider that she would also have to impose a mandatory 10-year consecutive sentence as to count four. So... What was the calculation the first time around? How did the court split the... 25 years as to count two and 10 years as to count four? Count four is a mandatory 10-year consecutive. There is no sentencing guideline calculation for it. It is simply the imposition of a mandatory 10-year consecutive sentence. And then when the second count dropped on remand, the entire 35 years got shifted to count two. That's exactly correct, Your Honor. And again, if you look at the transcript, at the sentencing for count... Or excuse me, at the second sentencing hearing, the court looked at the exact same calculations. She looked at the serious nature of the defendant's crimes as to count two, the serious nature of the Lost Boy Child Pornography Message Board, that the defendant was not only participating, he was posting child pornography, that the members of the board were encouraging each other to find minors, to molest them, to take pictures of that molestation and share with others. She looked at the fact that the defendant had molested victim one when victim one was a small child. She looked at the fact that the defendant had molested or attempted to molest, via webcam, victim two, when victim two was 13 years old. He went online, he found victim two. The defendant posed as a teenager himself and sent gifts to this 13-year-old child to convince him to masturbate for him via webcam online. The court looked at the fact that even after the defendant had been convicted in this... Or excuse me, arrested in this case, while he was being held in custody, he continued to pose as a teenager and contact victim two, who by then was 15 years old. And he did this in a recorded jail call while he was pending the charges in this case. She looked at the fact that the defendant had sustained a previous federal conviction on child pornography grounds for receipt of child pornography in violation of 18 United States Code, section 2252A2. And taking into account all of those factors, the court again felt that the appropriate sentence for the defendant, taking into account the defendant as a whole, was 35 years. This time only as to count two and not as to count four. It's very clear that the court understood that the defendant had not been required to register as a sex offender under Ohio State law. In fact, if you look at the transcript, the court on its own noticed an error in the pre-sentence report during the second sentencing, where no one had found it or objected to it, including the government or the defendant, where the PSR had continued to say that the defendant had been required to register as a sex offender. And the court at the second sentencing hearing said, wait a minute, this is a mistake. We all understand that he was never required to register as a sex offender. So there's no question that the court understood at the second sentencing that he was not required to register as a sex offender. But one of the things that the court had to take into account when looking at the appropriate sentence on remand for count two was the fact that this time there would be no 10-year mandatory minimum consecutive sentence because there was no 2260A. So, and- You know, everything you say is undoubtedly correct. But the question also, don't we have to answer whether there's a procedural error if there's an error in the calculation of the guidelines? Aren't we required? Well, let me then turn to the guidelines calculations argument, Your Honor. The defendant makes two, really two arguments regarding the guidelines calculation. The first is the application of the five-level advancement in the sentencing, in the offense-level calculation. And the second is the calculation of the defendant's criminal history. In this case, looking first at the defendant's criminal history, in this case, it is true that the court imposed two points for the defendant's 2002 conviction for failure to register as a sex offender. That is absolutely true. She did it without objection from the defense counsel. And the problem there is that the 2002 conviction was, in fact, sustained. The defendant had not attacked his conviction on direct appeal in the state of Ohio. And the Supreme Court has said that the sentencing court cannot go back and relitigate all of the defendant's previous criminal history. Now, I understand that the defense counsel is trying to argue that the court committed error because the Ninth Circuit in the first appeal had vacated that 2002 conviction. But that is not actually what happened. The 2260A conviction was based on the mistaken understanding that the defendant was required to register under Ohio state law, the 2007 SORNA statute. The defendant's 2002 conviction for failure to register was not based on the 2007 SORNA statute. It couldn't have been because the SORNA statute had not even been imposed. Instead, it was based on the Ohio State's version of Megan's Law, which was in effect at the time he was convicted of the receipt of child pornography count in 1999. So the government concedes that Megan's Law did not, in fact, require the defendant to register. The Ohio State Attorney General's Office made a mistake and required him to register. And he did register under the 1999 version of Megan's Law. He wasn't required to register. But in 2007, that law was superseded by the Ohio State 2007 SORNA statute. And it was under that statute that we believed he was required to register as a sex offender at the time he committed the count to offense. I was going to ask you a question because your time is about to expire. Certainly, Your Honor. Judge Teshima asked a question about harmlessness. Assuming there was an error, would it have affected the guideline range? Absolutely not, Your Honor. While the defense counsel is correct that the guidelines are the lodestar for starting with the sentencing calculation, the cases also say that it can be harmless error if you are making mistakes in getting to the appropriate guidelines range, as long as the guidelines range itself was accurately calculated. And in this case, the guidelines range was, the recommended range was life, regardless of whether he was in category one, two, three, four, five, or even six. The guidelines range was, the recommended range was life, which was then put down to 50 years because of the statutory maximum, regardless of the criminal history calculation. And that can be harmless error, Your Honor. And the case law for that out of the Ninth Circuit is cited in my brief. Thank you, Judge. And I think that's my time, unless any of Your Honors have any additional questions. Thank you. Thank you. Just briefly, Judge Tashima, the case is Melina V, Melina Martinez versus United States. And I'm not sure if that's in my brief, but it does indicate, in speaking of the guidelines accuracy, that it is considered error, even if the ultimate sentence falls within both the correct and incorrect range. When a defendant is sentenced under an incorrect guideline range, whether or not the defendant's ultimate sentence falls within the correct range, the error itself can be sufficient to show a reasonable probability of a different outcome absent the error. And in response to the government's indication that there would be no change in the range of a life sentence, that's true unless they're absent the procedural error of calculating his offense level at 45 rather than 40. If it had been calculated at 40 with a criminal history of one, then the guideline range would have been, I believe, 292 to 365 months. And on that, I would submit. Thank you, counsel. Thank you.
judges: Reinhardt, Tashima, Nguyen